UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MATTHEWS, #654088,

    Petitioner,                                Case No. 10-cv-10449

v.                                           HONORABLE STEPHEN J. MURPHY, III

MARY BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT**
**OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,**
**AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Gregory Matthews was convicted of delivery/manufacture of both methamphetamine and marijuana, and possession of firearm during the commission of a felony. In 2008 he was sentenced to two to 20 years imprisonment, a concurrent term of one to four years imprisonment, and a consecutive term of two years imprisonment. In his petition, Matthews alleges that he is entitled to habeas relief because: (1) he was erroneously charged and convicted of felony firearm, (2) trial counsel was ineffective, and (3) the trial court erred in admitting other acts evidence involving other firearms. For the reasons stated below, the Court concludes that Matthews has not exhausted his state court remedies on two of three habeas claims and for that reason will dismiss, without prejudice, his petition for a writ of habeas corpus. The Court will also deny a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## PROCEDURAL HISTORY

Following his convictions and sentencing, Matthews, through counsel, filed a delayed application for leave to appeal with the Michigan Court of Appeals raising a claim of ineffective assistance of trial counsel. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Matthews*, No. 291196 (Mich. Ct. App. June 18, 2009) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court again raising a claim of ineffective assistance of trial counsel, as well as new claims concerning the admission of other acts evidence and the validity of the felony firearm conviction. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Matthews*, _ Mich. _, 775 N.W.2d 781 (Dec. 21, 2009).

Petitioner indicates in his petition that he filed a motion for relief from judgment with the state trial court raising a claim of ineffective assistance of counsel regarding his right to appeal, but does not indicate when he filed that motion, if or when the trial court ruled upon that motion, or whether he appealed any such decision to the Michigan appellate courts.

Matthews signed his federal habeas petition on January 27, 2010 and it was filed by the Clerk of the Court on February 2, 2010.

## DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the

2

State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). In Michigan, this means that issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner has the burden of showing exhaustion. *Rust*, 17 F.3d at 160.

Matthews has not met his burden of demonstrating exhaustion of his state court remedies. He admits he did not exhaust some of his claims in the state courts due to defense counsel's failures. The documents submitted with his petition indicate that Matthews did not present his felony firearm claim or his other-acts evidence claim to the Michigan Court of Appeals and first attempted to raise those claims before the Michigan Supreme Court. His presentation of those claims to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Matthews has thus failed to properly exhaust two of his three habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a petition containing exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only

3

exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a federal habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and would not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Matthews has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.502 with the state trial court and pursue his unexhausted issues in the state appellate courts if necessary. Although Matthews indicates that he has filed such a motion in the state trial court, he provides no detailed information about that filing, including whether he brought his two unexhausted claims, or whether he

4

appealed any decision to the state appellate courts, which he would be required to do in order to exhaust his unexhausted claims. He has the burden of demonstrating exhaustion. Under Michigan law, he has 12 months in which to appeal the denial of a motion for relief from judgment. *See* Mich. Ct. R. 6.509; Mich. Ct. R. 7.205. Additionally, while Michigan law normally allows a defendant to file only one motion for relief from judgment, it does allow for the filing of successive motions under certain circumstances. *See* Mich. Ct. R. 6.502(G).

Additionally, the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), does not present a problem for Matthews. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), in Matthews's case on or about March 21, 2010. Thus, the one-year limitations period has yet to commence and will be tolled during the time in which any properly filed state post-conviction or collateral action is pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). Given that the full one-year period remains and will be tolled while he exhausts his claims, Matthews has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay, therefore, is unnecessary.

Matthews has also not shown good cause for failing to exhaust his claims in the state courts before proceeding in federal court on habeas review. *See Rhines*, 544 U.S. at 277. Although he blames defense counsel for failing to properly raise issues on direct appeal, he has not explained why he has not presented those claims to the state courts in a motion for relief from judgment under Michigan Court Rule 6.502. Moreover, his

5

unexhausted claims appear to concern matters of federal law which may warrant further review. His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the unexhausted claims, such action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon all of Matthews' claims before he litigates those claims in this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

## CONCLUSION AND ORDER

The Court concludes that Matthews has not exhausted his state court remedies as to two of his habeas claims. Accordingly, the Court **DISMISSES, without prejudice,** the petition for a writ of habeas corpus. Should Matthews wish to remove the unexhausted claims from his petition and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination at this time as to the merits of his claims.

Before Matthews may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on

procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 26, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager